IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-00560-BO

| | |
|---|---|
| GREGORY SIMMONS-BEY, a/k/a, ) | |
| ALTON GREGORY SIMMONS-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| RALEIGH HOUSING AUTHORITY ) | |
| and DIRECTOR WAYNE FELTON, ) | |
| ) | |
| Defendants. ) | |

Gregory Simmons-Bey, a/k/a, Alton Gregory Simmons-Bey ("plaintiff"), a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983,[1] and seeks leave to proceed *in forma pauperis* (DE 4). Plaintiff also filed a pleading captioned "Writ of Habeas Corpus" (DE 1). The matter now is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court first addresses plaintiff's pleading captioned "Writ of Habeas Corpus." To the extent plaintiff seeks release from imprisonment, the court lacks authority to grants such relief in this civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff, instead, must pursue such relief through a petition for a writ of habeas corpus.[2] See id.; see also, Brown v. Wiseman, No. 5:18-CT-3011-FL, 2018 WL 9814648, at *2 (E.D.N.C. Aug. 27, 2018). The court

---

[1] Plaintiff's complaint is not a model of clarity and the court has done its best to construe plaintiff's cause of action.

[2] Notably, to the extent plaintiff asserts that the court lacks jurisdiction over him because he is a Moorish American national, such claim lacks merit. See Simmons-Bey v. USA Republic, No. 5:19-CT-2095-FL (E.D.N.C. Nov. 15, 2019) (citing United States v. Burris, 231 F. App'x 281, 281 (4th Cir. 2007)).

declines to convert plaintiff's filing into a petition for a writ of habeas corpus, and his pleading captioned "Writ of Habeas Corpus" is DISMISSED without prejudice.

The court next determines whether plaintiff's action is barred pursuant to 28 U.S.C. § 1915(g). The Prisoner Litigation Reform Act ("PLRA") provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). Plaintiff has had at least three prior cases dismissed on frivolity review, and has used up his three strikes. See Simmons-Bey v. Godwin, No. 5:19-CT-3080-FL (E.D.N.C. May 2, 2019); Simmons-Bey v. Wake County Sheriff's Dept., No. 5:19-CT-3288-D (E.D.N.C. May 14, 2020); Simmons-Bey v. McFarland, No. 5:19-CT-3297-D (E.D.N.C. May 15, 2020).

To avoid dismissal and to proceed without prepayment of the filing fee, plaintiff must show that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (citation omitted); see also, Woodward v. Small, No. 5:19-cv-00118-MR, 2020 WL 5111214, at *1 (W.D.N.C. Aug. 31, 2020). Rather, the inmate must make "specific

2

fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Here, plaintiff makes vague allegations regarding his eviction from a Raleigh Housing Authority property. Plaintiff's vague and nonsensical allegations fail to plausibly allege that he is presently under imminent danger of serious physical injury. Based upon the foregoing, plaintiff may not proceed as a pauper in this action. See Banks v. Hornak, 698 F. App'x 731, 739 (4th Cir. 2017); Hill v. Postal Service, 474 F. App'x 152, 152 (4th Cir. 2012).

In summary, plaintiff's action is barred pursuant to 28 U.S.C. § 1915(g), and is hereby DISMISSED without prejudice. Additionally, plaintiff's pleading captioned "Writ of Habeas Corpus" (DE 1) is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 19 day of November, 2020.

TERRENCE W. BOYLE
Chief United States District Judge

3